ORIGINAL

E-FILING

1 MICHAEL L. TRACY, ESQ., SBN 237779
2 MTRACY@MICHAELTRACYLAW.COM
MEGAN ROSS HUTCHINS, ESQ., SBN 227776
3 MHUTCHINS@MICHAELTRACYLAW.COM
LAW OFFICES OF MICHAEL TRACY
4 2030 Main Street, Suite 1300
5 Irvine, CA 92614
6 T: (949) 260-9171
F: (866) 365-3051
7

FILED
FEB 14 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

8 Attorneys for Plaintiff DAVID WATTS

9 **UNITED STATES DISTRICT COURT**

10 **NORTHERN DISTRICT OF CALIFORNIA**    HRL

11

| | |
|---|---|
| DAVID WATTS, an individual | Case No.: CV11- 0662 |
| Plaintiff, | **COMPLAINT FOR UNPAID OVERTIME UNDER CALIFORNIA LABOR CODE, MEAL BREAKS, IMPROPER PAY STUBS, WAITING TIME PENALTIES, OVERTIME UNDER THE FLSA, MINIMUM WAGE VIOLATIONS, AND UNFAIR BUSINESS PRACTICES** |
| vs. | |
| AERIS COMMUNICATIONS, INC., A CALIFORNIA CORPORATION; MARC JONES, AN INDIVIDUAL; and DOES 1 through 10, inclusive, | |
| Defendants. | **DEMAND FOR JURY TRIAL** |

20 Plaintiff, DAVID WATTS, alleges:

21 **JURISDICTION**

22    1.    This Court has jurisdiction over this matter because this complaint

23 alleges a federal question in that violations of 29 U.S.C. § 201 et seq. are alleged.

24    2.    This court has supplemental jurisdiction of all the State law claims

25 under 28 U.S.C. § 1367(a). The State law claims are all related to the same facts –

26 namely whether Plaintiff performed work and was not paid overtime wages and

27 whether that failure to pay was willful. The failure to provide proper pay check stubs

28 is also directly related to the FLSA claims because Plaintiff is alleging that the pay

-1-
COMPLAINT FOR LABOR VIOLATIONS

1 check stubs are inaccurate because they did not list the overtime required by the

2 FLSA. The waiting time penalty claim is directly related to whether the failure to

3 pay overtime required by the FLSA was willful. As such, all the claims make up the

4 same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

6    3.    This Court is the proper court and this action is properly filed in the

7 County of Santa Clara and in this judicial district because Defendants do business in

8 the County of Santa Clara , and because Defendants' obligations and liabilities arise

9 therein, and because the work that was performed by Plaintiff in the County of Santa

10 Clara is the subject of this action.

11    4.    The true names and capacities of DOES 1 through 10 are unknown to

12 Plaintiff, who therefore sues the DOE Defendants by fictitious names. Plaintiff will

13 amend this Complaint to show their true names and capacities when they have been

14 ascertained. Plaintiff is informed and believes, and hereon alleges, that some such

15 Doe defendants are residents of California.

16    5.    Plaintiff is informed and believes that Defendants, each and all of them,

17 at all times material hereto, were the joint employers, parent companies, successor

18 companies, predecessors in interest, affiliates, agents, employees, servants, joint

19 venturers, directors, fiduciaries, representatives, and/or coconspirators of each of the

20 remaining Defendants. The Defendants, unless otherwise alleged, at all times

21 material hereto, performed all acts and omissions alleged herein within the course

22 and scope of said relationship, and are a proximate cause of Plaintiff's damages as

23 herein alleged.

## PARTIES

25    6.    Plaintiff DAVID WATTS ("WATTS") was jointly employed by

26 Defendants from December 3, 2007 through February 6, 2009.

27    7.    Defendant AERIS COMMUNICATIONS, INC. ("AERIS") is A

28 California Corporation doing business in the County of Santa Clara , State of

COMPLAINT FOR LABOR VIOLATIONS

1 | California.

2 |     8.     Defendant MARC JONES ("JONES") is an individual doing business in

3 | the County of Santa Clara , State of California.

4 | **FIRST CAUSE OF ACTION**

5 | **FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF CALIFORNIA**

6 | **LABOR CODE**

7 | **(AGAINST AERIS and DOES 1-5)**

8 |     9.     Plaintiff refers to and incorporates by reference Paragraphs 1 through 8.

9 |     10.    This cause of action is brought against AERIS and DOES 1-5, jointly

10 | and individually.

11 |     11.    Pursuant to Cal. Labor Code § 1197, payment of less than the minimum

12 | wage fixed by the Labor Commission is unlawful.

13 |     12.    While employed by Defendants, Plaintiff was not paid at least the

14 | minimum wage for all hours worked.

15 |     13.    Plaintiff was not paid the proper minimum wage by Defendants for at

16 | least one pay period within the three (3) years prior to initiating this lawsuit.

17 |     14.    Defendants know or should know the pay periods in which minimum

18 | wage was not paid as well as the amount of underpaid wages.

19 |     15.    Under California Labor Code, Plaintiff is to recover the minimum wage

20 | for all hours worked.

21 |     16.    As a proximate result of the aforementioned violations, Plaintiff has

22 | been damaged in an amount in excess of $1,280, and subject to proof at time of trial.

23 |     17.    Pursuant to Labor Code §§ 218.6, 1194, and California Code of

24 | Regulations, Title 8, §11040, Plaintiff is entitled to recover damages for the

25 | nonpayment of the minimum wage for all hours worked, interest, reasonable

26 | attorney's fees and costs of suit.

27 |     18.    Pursuant to Labor Code § 1194.2, Plaintiff is entitled to recover an

28 | additional amount equal to the unlawfully unpaid wages as liquidated damages.  As

1  such, Plaintiff prays for an additional amount of $1,280.

2  **SECOND CAUSE OF ACTION**

3  **FAILURE TO PAY OVERTIME COMPENSATION UNDER CALIFORNIA**

4  **INDUSTRIAL WELFARE COMMISSION ORDERS AND CALIFORNIA**

5  **LABOR CODE**

6  **(AGAINST AERIS and DOES 1-5)**

7     19.     Plaintiff refers to and incorporate by reference Paragraphs 1 through 18.

8     20.     This cause of action is brought against AERIS and DOES 1-5, jointly

9  and individually.

10     21.     Pursuant to Industrial Welfare Commission Order No. 4-2001,

11  California Code of Regulations, Title 8, § 11040, for the period of Plaintiff's

12  employment, Defendants were required to compensate Plaintiff for all overtime,

13  which is calculated at one and one-half (1 ½) times the regular rate of pay for hours

14  worked in excess of eight (8) in a day or forty (40) hours in a week, and two (2)

15  times the regular rate of pay for hours worked in excess of twelve (12) hours in a day

16  of hours worked in excess of eight (8) hours on the seventh consecutive work day in

17  a week.

18     22.     Plaintiff WATTS worked more than eight (8) hours in a single workday

19  or forty (40) hours in a single workweek on numerous occasions.

20     23.     Plaintiff WATTS was entitled to the above overtime premiums.

21     24.     Defendants did not pay Plaintiff premium wages of at least one and one-

22  half times Plaintiff's regular rate of pay for hours worked past eight (8) in a day.

23     25.     Defendants did not pay Plaintiff premium wages of at least one and one-

24  half times Plaintiff's regular rate of pay for hours worked past forty (40) in a week.

25     26.     Defendants did not pay Plaintiff premium wages of at least two times

26  Plaintiff's regular rate of pay for hours worked past twelve (12) in a day.

27     27.     Plaintiff WATTS worked at least one pay period in which he was not

28  properly paid overtime within the three (3) years prior to the initiation of this lawsuit.

-4-

COMPLAINT FOR LABOR VIOLATIONS

28.     Defendants know or should know the actual dates of overtime worked, the amount of overtime worked, and the amount of unpaid overtime due.

29.     As a proximate result of Defendants' violations, Plaintiff WATTS has been damaged in an amount in excess of $28,418 and subject to proof at time of trial.

30.     Pursuant to Labor Code §§ 218.6, 510, 1194 and California Code of Regulations, Title 8, § 11040, Plaintiff WATTS is entitled to recover damages for the nonpayment of overtime premiums for all overtime hours worked, penalties, interest, plus reasonable attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION

## FAILURE TO ITEMIZE WAGE STATEMENTS AS REQUIRED

## UNDER LABOR CODE SECTION 226

## (AGAINST AERIS and DOES 1-5)

31.     Plaintiff refers to and incorporate by reference Paragraphs 1 through 30.

32.     This cause of action is brought against AERIS and DOES 1-5, jointly and individually.

33.     Pursuant to Labor Code § 226, every employer must furnish each employee an itemized statement of wages and deductions at the time of payment of wages.

34.     Defendants knowingly and intentionally furnished Plaintiff pay stubs that did not accurately reflect all the information required by Labor Code § 226.

35.     Plaintiff suffered injury from the lack of proper information on the pay stubs provided by Defendants.

36.     Plaintiff suffered injury under this cause of action within a period of one (1) year prior to the initiation of this lawsuit.

37.     Pursuant to Labor Code § 226(e) and (g), Plaintiff prays for judgment against Defendants in an amount subject to proof at trial plus costs and attorney fees.

## FOURTH CAUSE OF ACTION

## WAITING TIME PENALTIES UNDER LABOR CODE SECTION 203

1    (AGAINST AERIS and DOES 1-5)

2    38.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

3    37.

4    39.    This cause of action is brought against AERIS and DOES 1-5, jointly

5    and individually.

6    40.    Plaintiff's employment with Defendants was terminated on February 6,

7    2009.

8    41.    Defendants willfully refused and continue to refuse to pay Plaintiff

9    WATTS unpaid wages as required by Labor Code § 203.  Defendants know that the

10    pay is due and are refusing to pay it.

11    42.    Plaintiff WATTS requests damages and penalties as provided by Labor

12    Code § 203 in the amount of $9,231 and subject to proof at time of trial.

13    ## FIFTH CAUSE OF ACTION

14    ## OVERTIME PAY AND LIQUIDATED DAMAGES UNDER 29 U.S.C. § 207

15    ## and § 216 (AGAINST ALL DEFENDANTS)

16    43.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

17    42.

18    44.    This cause of action is against all Defendants, jointly and individually.

19    45.    Plaintiff is informed and believes and hereon alleges that Defendants are

20    subject to the provisions of the Fair Labor Standards Act.  Under 29 U.S.C. § 207(a)

21    and § 216(b), Plaintiff is entitled to overtime pay at a rate of one and one-half (1 ½)

22    times the regular rate of pay for hours worked in excess of forty (40) hours in a

23    week and an equal additional amount as liquidated damages, as well as costs and

24    attorney's fees.

25    46.    Plaintiff worked numerous weeks in excess of forty (40) hours.

26    47.    Plaintiff was entitled to the above overtime premiums.

27    48.    Defendants failed to compensate Plaintiff for any overtime premiums.

28    49.    This court has jurisdiction over this cause of action because the federal

COMPLAINT FOR LABOR VIOLATIONS

1 | statute specifically grants the employee the right to bring the action in "any Federal

2 | or State court of competent jurisdiction." 29 U.S.C. § 216(b).

3 |      50.    Plaintiff worked at least one week in which overtime premiums were

4 | not paid by Defendants under the Fair Labor Standards Act within the two (2) years

5 | prior to initiating this lawsuit.

6 |      51.    Plaintiff's individual employment is covered by the terms of the Fair

7 | Labor Standards Act.

8 |      52.    Plaintiff used equipment on the job that had previously been transported

9 | in interstate commerce.

10 |      53.    Defendant AERIS was the employer of Plaintiff, as the term "employer"

11 | is defined in the Fair Labor Standards Act.

12 |      54.    Defendant AERIS was an enterprise covered by the provisions of the

13 | Fair Labor Standards Act for the entire time of Plaintiff's employment.

14 |      55.    Defendant AERIS conducted business with a total gross sales volume in

15 | excess of $500,000 for each and every twelve (12) month period in which Plaintiff

16 | was employed.

17 |      56.    Defendant AERIS employed at least two (2) employees during each and

18 | every 12 month period in which Plaintiff was employed. These employees were

19 | engaged in commerce and regularly used equipment that had been transported in

20 | interstate commerce.

21 |      57.    Defendant JONES was the employer of Plaintiff, as the term

22 | "employer" is defined in the Fair Labor Standards Act. JONES was a corporate

23 | officer and/or agent of AERIS. JONES acted both directly and indirectly in the

24 | interest of AERIS, as it related to Plaintiff's employment and payment of wages.

25 |      58.    DOES 1-10 were the employer of Plaintiff, as the term "employer" is

26 | defined in the Fair Labor Standards Act.

27 |      59.    Defendants' violations of 29 U.S.C. § 207 were willful and intentional.

28 |      60.    Plaintiff prays for judgment for overtime pay of $28,418. This amount

1  is subsumed by the overtime pay claimed in the First Cause of Action.

2      61.    Plaintiff prays for judgment for liquidated damages in the amount of

3  $28,418.  This amount is supplemental to the relief requested in all other causes of

4  action.

5      62.    Plaintiff prays for costs and attorney's fees.

## SIXTH CAUSE OF ACTION

## FAILURE TO PAY MINIMUM WAGE IN VIOLATION OF THE FAIR

## LABOR STANDARDS ACT

## AGAINST ALL DEFENDANTS

10      63.    Plaintiff refers to and incorporates by reference Paragraphs 1 through

11  62.

12      64.    This cause of action is brought against all Defendants jointly and

13  individually.

14      65.    Pursuant to the Fair Labor Standards Act ("FLSA"), payment of less

15  than the minimum wage is unlawful.

16      66.    Plaintiff was not paid minimum wage for many of the pay periods in

17  which he performed work.

18      67.    Under the FLSA, Plaintiff is to recover compensation for all hours

19  worked but not paid by Defendants.

20      68.    Plaintiff was not paid at least the Federal minimum wage for at least one

21  pay period within the two (2) years prior to initiating this lawsuit.

22      69.    Defendants' failure to pay minimum wage was willful and intentional.

23      70.    As a proximate result of the aforementioned violations, Plaintiff has

24  been damaged in an amount in excess of $1,280, and subject to proof at time of trial.

25      71.    Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to recover damages for

26  the nonpayment of the minimum wage for all hours worked, interest, plus reasonable

27  attorney's fees and costs of suit.

28      72.    Pursuant to 29 U.S.C. § 216, Plaintiff is entitled to recover an additional

1  amount equal to the unlawfully unpaid wages as liquidated damages.

2  **SEVENTH CAUSE OF ACTION**

3  **VIOLATIONS OF CALIFORNIA BUSINESS AND PROFESSIONS**

4  **CODE SECTION 17200**

5  **(AGAINST AERIS and DOES 1-5)**

6     73.   Plaintiff refers to and incorporates by reference Paragraphs 1 through

7  72.

8     74.   This cause of action is brought against AERIS and DOES 1-5, jointly

9  and individually.

10    75.   By failing to pay overtime premiums, Defendants' acts constitute unfair

11  and unlawful business practices under Business and Professions Code § 17200, et

12  seq.

13    76.   By failing to provide adequate meal and rest breaks, Defendants' acts

14  constitute unfair and unlawful business practices under Business and Professions

15  Code § 17200, et seq.

16    77.   By failing to pay at least the minimum wage, Defendants' acts constitute

17  unfair and unlawful business practices under Business and Professions Code §

18  17200, et seq.

19    78.   Plaintiff also was paid out time off at a rate less he was due.  The failure

20  to pay at the proper rate constitutes an unfair and unlawful business practice.

21  Plaintiff is specifically pleading this as an unfair business practice and not a Labor

22  Code violation.

23    79.   Plaintiff WATTS prays for restitution under this Cause of Action in an

24  amount subject to proof at time of trial.

25

26  **WHEREFORE**, Plaintiff prays for the following relief:

27     1. Damages for overtime not paid to Plaintiff WATTS in an amount in excess

28  of $28,418 and subject to proof at trial.

1     2. For liquidated damages in the amount in excess of $28,418 and subject to

2  proof at trial.

3     3. Damages for minimum wage not paid to Plaintiff WATTS in an amount in

4  excess of $1,280 and subject to proof at trial.

5     4. Liquidated Damages for minimum wage not paid to Plaintiff WATTS in an

6  amount in excess of $1,280 and subject to proof at trial.

7     5. Damages for meal premiums not paid to Plaintiff WATTS in an amount

8  subject to proof at trial.

9     6. For damages and penalties under Labor Code § 226 for Plaintiff WATTS

10  in an amount subject to proof at trial.

11     7. For penalties and damages pursuant to Labor Code § 203 for Plaintiff

12  WATTS in an amount of $9,231 and subject to proof at trial.

13     8. For restitution and disgorgement for all unfair business practices against

14  Plaintiff WATTS in an amount subject to proof at trial.

15     9. For prejudgment and post judgment interest.

16     10. Cost of suit.

17     11. Attorneys' fees.

18     12. For such other and further relief as the court may deem proper.

19

20  DATED: February 8, 2011       LAW OFFICES OF MICHAEL TRACY

21

22               By:  _____

23                    MICHAEL   TRACY, Attorney   for   Plaintiff
                         DAVID WATTS

24

25

26

27

28

COMPLAINT FOR LABOR VIOLATIONS

1

2

3

4                              **DEMAND FOR JURY TRIAL**

5   Plaintiff demands a jury trial.

6   DATED:  February 8, 2011            LAW OFFICES OF MICHAEL TRACY

7

8                              By:  _____

9                                   MICHAEL   TRACY,  Attorney  for  Plaintiff
                                     DAVID WATTS

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                        COMPLAINT FOR LABOR VIOLATIONS